Oswald PETITE, Plaintiff,

v.

Janet RENO,* Attorney General of the United States, Defendant.

Civ. A. No. 90–0266–LFO.

United States District Court, District of Columbia.

May 18, 1993.

Gary T. Brown, Washington, DC, for plaintiff.

Madelyn E. Johnson, Asst. U.S. Atty., Washington, DC, for defendant.

* Attorney General Janet Reno is substituted as defendant in this action pursuant to Fed.R.Civ.P. 25(d).

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

This matter is before the Court on plaintiff's motion for attorneys' fees and costs. This action was originally filed on February 7, 1990, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. A September 28, 1990 Memorandum and Order denied defendant's motion to dismiss, which was premised on the argument that the complaint was untimely or that exclusive jurisdiction lay in the Court of Appeals for the Federal Circuit. That Memorandum described in some detail the "Kafkaesque labyrinth of administrative confusion" that has attended this action. Order of January 10, 1992, at 1.

By May of 1991, the focus of the case had turned from plaintiff's claim that he had been forced to retire early from his position as Deputy U.S. Marshal because of unlawful discrimination to a claim that plaintiff was entitled to early civil service retirement under 5 U.S.C. § 8336(c)(1). On May 15, 1991, the trial was continued "upon plaintiff's representation that resolution of the § 8336(c)(1) dispute might enable the parties to settle the Title VII claims alleged in the complaint." Order of August 14, 1991, at 1. By Order dated January 10, 1992, plaintiff's motion for partial summary judgment on the retirement eligibility issue was granted, and defendant was directed to refer the matter to the Office of Personnel Management for correction of plaintiff's retirement eligibility.

On November 20, 1992, the parties represented in open court that they had reached a settlement agreement resolving all issues in the case with the exception of attorneys' fees and costs. Pursuant to that agreement, plaintiff is to be reinstated to the Marshals Service, with backpay, for approximately 30 days. As a result, his employment records will reflect a separation from federal service after his 50th birthday, and his retirement status will be readjusted accordingly to provide for retirement benefits under § 8336(c)(1). Plaintiff is to receive full retirement benefits on both a retroactive and a prospective basis.

Plaintiff is a "prevailing party" within the meaning of Title VII's fee-shifting provision, 42 U.S.C. § 2000e–5(k). In order to qualify as a prevailing party, a civil rights plaintiff must obtain an enforceable judgment against the defendant "or comparable relief through a consent decree or settlement." Farrar v. Hobby, —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (citing Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980)). The relief ultimately given the plaintiff here through settlement constitutes a significant portion of the relief he sought in bringing this action. The fact that there has been no adjudication of the plaintiff's discrimination claim and no admission of liability by the defendant does not preclude a fee award. Rather, the crucial question is whether the plaintiff succeeded in obtaining the relief sought, and "the determinative factor must be the role of plaintiffs' lawsuit, not the motivations of the defendant." Miller v. Staats, 706 F.2d 336, 343 (D.C.Cir.1983); see also Maher, 448 U.S. at 129–30, 100 S.Ct. at 2574–75.

The basic method of calculating an appropriate fee award is multiplying "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The most critical factor in determining a reasonable fee award is "the degree of success obtained." Id. at 436, 103 S.Ct. at 1941. Defendant argues that any fee award should be reduced substantially to reflect plaintiff's minimal degree of success on his Title VII claim. Plaintiff counters that he obtained substantially all the relief he sought in bringing his Title VII action, and that he should therefore receive a fully compensatory award of fees.

It is clear that plaintiff did receive all or a significant measure of the relief he initially sought. In particular, his receipt of full retroactive and prospective retirement benefits represents a sizable concrete success. This case is thus readily distinguishable from cases such as Farrar, where a plaintiff's success was merely "nominal" or "technical." Further, plaintiff presented evidence showing that, in informal administrative proceedings during 1987, plaintiff was willing to settle the matter "if he received full retirement benefits." Plaintiff's Reply, Ex. 2, at 2. Ir-

respective of plaintiff's actual motivation in bringing suit, however, an examination of the scope of relief actually and reasonably sought by the complaint supports plaintiff's argument. The complaint principally requested the Court to "reinstate Plaintiff for the length of time required for full hazardous duty retirement benefits to vest" and to "order that Defendant make Plaintiff whole for lost wages and benefits." Thus, the complaint apparently did not contemplate relief beyond that provided pursuant to the settlement agreement: it sought reinstatement only to the point of entitlement to full retirement benefits; and its request for back wages must be construed as limited to that same period, since wages for a given period obviously could not be awarded in addition to retirement benefits.

There is a sense in which this case is unlike an ordinary civil rights case resulting in a favorable settlement for the plaintiff. The settlement here occurred as a result of resolution of the retirement eligibility issue, which is collateral to the issue of discrimination. Because of the injection of this issue into the case, defendant's agreement to the terms of settlement cannot be said necessarily to represent a calculus based on the merits of the discrimination claim. Nevertheless, the settlement agreement justifies plaintiff's requested award, for several reasons. First, as noted, plaintiff did receive essentially all the concrete relief he sought as redress for his discrimination claim. Second, settlement agreements in general do not necessarily reflect the merits of the underlying claim, but frequently depend on extrinsic, strategic considerations. Finally, the discrimination claim and the retirement eligibility claim were closely tied together, and the extensive administrative and judicial proceedings in this case were necessary for plaintiff finally to obtain the relief he sought.

Defendant further argues that plaintiff should not be compensated for the preparation of motions on which he did not prevail. However, under *Hensley*, 461 U.S. at 434, 103 S:Ct. at 1939, fees are to be reduced for unsuccessful *claims*, and only if those claims are "separable." The motions at issue were tied to the common core of facts constituting the discrimination claim and produced progress toward the eventual resolution of that claim. Similarly, the attorney time spent in administrative proceedings was necessary to the federal proceedings and is therefore compensable. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 556–61, 106 S.Ct. 3088, 3093–96, 92 L.Ed.2d 439 (1986).

The hourly rate and number of hours claimed by plaintiff's counsel are reasonable, and, for the reasons stated above, plaintiff is entitled to a fully compensatory fee award. Plaintiff will therefore be awarded $108,-709.50 in attorneys' fees.

Finally, plaintiff has adequately supported his revised request for costs under 28 U.S.C. § 1920. *See* Plaintiff's Reply, at 9–11. Accordingly, plaintiff will be awarded $2,445.15 in costs.

\*     \*     \*

For the foregoing reasons, it is this <u>17th</u> day of May, 1993, hereby

ORDERED: that plaintiff's motion for attorneys' fees and costs should be, and is hereby, GRANTED; and it is further

ORDERED: that plaintiff is awarded attorneys' fees in the amount of $108,709.50 and costs in the amount of $2,445.15.