Office Location
6800 Southpoint Pky Jacksonville, Fla, 32216    Phone:(904)279-1621

Form 4564

Katherine SPRADLEY, et al., Plaintiffs,

v.

NOTAMI HOSPITALS OF FLORIDA, INC., etc., Defendant.

No. 92–1401–Civ–J–HTS(20).

United States District Court, M.D. Florida, Jacksonville Division.

March 24, 1995.

Paul A. Donnelly, Carla D. Franklin, Franklin, Donnelly & Gross, Gainesville, FL, for plaintiffs.

Thomas D. Watry, Parker, Hudson, Rainer & Dobbs, Atlanta, GA, for defendant.

### *ORDER*

SNYDER, United States Magistrate Judge.

This matter is before the Court on Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs (Doc. # 86; hereinafter Motion), filed on July 7, 1994. Affidavits in support of the Motion have also been filed. *See* Affidavit in Support of Motion to Assess Attorneys' Fees and Costs (Doc. # 87; hereinafter Donnelly Affidavit), filed on July 7, 1994; Affidavit in Support of Motion to Assess Fees and Costs (Doc. # 88; hereinafter Franklin Affidavit), filed on July 7, 1994; Affidavit for Payment of Attorney Fees (Doc. # 89; hereinafter Willis Affidavit), filed on July 7, 1994; Affidavit for Payment of Attorney Fees (Doc. # 90), filed on July 7, 1994.[1] Plaintiffs also submitted a Statement of Costs, attached as

---

1. This affidavit was neither signed by the affiant nor notarized and, thus, was not considered by the Court in arriving at the decision contained herein.

Exhibit C to the Donnelly Affidavit. On January 9, 1995, Lake City Medical Center (hereinafter LCMC) filed its response to the Motion. *See* LCMC's Response to Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs (Doc. # 111; hereinafter Response).

### Attorneys' Fees

■ At trial in the instant case Plaintiffs prevailed on their claims under the Age Discrimination in Employment Act (ADEA). "A prevailing plaintiff in an ADEA action is entitled to an award of reasonable attorney's fees...." *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1051 (11th Cir. 1989), *cert. dismissed*, 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam).

### Reasonable Hourly Rate

Plaintiffs' attorneys seek the hourly rate of $150.00 for their services. Motion at 19. Defendant does not specifically object to the hourly rate requested by Plaintiffs' attorneys.

■ The reasonable hourly rate is derived by the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). "The prevailing party bears the burden of justifying the rate requested." *Turner v. Secretary of Air Force*, 944 F.2d 804, 808 (11th Cir.1991) (citing *Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir.1991) and *Norman*, 836 F.2d at 1299). Merely representing that a fee is reasonable is insufficient to meet this burden, because satisfactory evidence requires objective evidence of rates actually billed and received in similar law-

suits. *Norman*, 836 F.2d at 1299. The trial court has discretion to select a reasonable hourly rate. *Curry v. Contract Fabricators Incorporated Profit Sharing Plan*, 891 F.2d 842, 850 (11th Cir.1990). However, the Court must set forth a reasoned explanation of how the rate was derived. *Gilmere v. City of Atlanta*, 931 F.2d 811, 814 n. 2 (11th Cir.1991) (per curiam). The twelve factors [2] set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) may be considered in determining the reasonable hourly rate. *Loranger*, 10 F.3d at 781 n. 6.

■ Considering the affidavits submitted and the factors set forth in *Johnson*, the Court finds the hourly rate of $150.00 is reasonable. Paul A. Donnelly, Esquire, has practiced law since September 1989 and is admitted to practice in the United States Courts for the Middle and Northern Districts of Florida. Donnelly Affidavit at [unnumbered] 1. His practice focuses on labor and employment law and he is one of very few attorneys in his area who "regularly represent[s] plaintiffs in employment discrimination cases." *Id.* at [unnumbered] 2. Carla D. Franklin, Esquire, has been admitted to practice law in the State of Florida since 1985 and is admitted to practice before this Court. Franklin Affidavit at [unnumbered] 1. Employment and labor relations comprise a large portion of her practice. *Id.*

Donnelly asserts "[t]he requested hourly attorney fee rate of $150.00 is reasonable and customary in this relevant legal market and given my experience, efficiency and abilities." Donnelly Affidavit at [unnumbered] 2. Ms. Franklin avers she was awarded the same hourly rate in another case tried in the Middle District of Florida. Franklin Affidavit at [unnumbered] 1. Robert Willis, Esquire, an attorney admitted to practice before this Court and who has practiced for over 21 years, has reviewed the file and represents

**2.** These factors are: (1) the time and labor necessary; (2) whether the case presented novel or difficult questions; (3) the skills needed to properly perform the legal services; (4) whether acceptance of the case precluded the attorney from other employment; (5) the customary fee for such a case; (6) whether the attorney's fee agreement was fixed or contingent; (7) time limita-

tions; (8) the amount involved and results obtained; (9) the attorney's experience, reputation and ability; (10) whether the circumstances of the case made it undesirable to other attorneys; (11) the attorney's relationship with the client; and (12) awards from comparable cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

"$220 per hour is a reasonable attorney fee in this action." Willis Affidavit at [unnumbered] 2.

Mr. Donnelly and Ms. Franklin have been involved in this matter since October and November of 1992, respectively. The Court has observed their performance, both written and in the courtroom, and finds both attorneys were always thoroughly prepared and presented clear, precise work product which was consistently exemplary. While each has several years of experience as a practicing attorney and Mr. Donnelly has previously litigated ADEA claims, they demonstrated legal abilities normally expected of only more seasoned practitioners. Donnelly and Franklin were retained on a contingent basis. Their clients received a total award of $231,-620.00 plus prejudgment interest, see Judgment in a Civil Case (Doc. # 84), filed on June 23, 1994, which was subsequently remitted by $49,915.10, see Order (Doc. # 110), filed on December 29, 1994, at 10–11, which the Plaintiffs accepted. See Plaintiffs' Acceptance of Remittitur (Doc. # 112), filed on January 17, 1995.

Moreover, this case involved Plaintiffs' claim they were discriminated against by their employer. Because of the hardships often involved in accepting such litigation, civil rights cases are often undesirable. See Johnson, 488 F.2d at 719. Although this case did not involve novel or difficult issues, Mr. Donnelly represented there are few attorneys in the area "who regularly represent plaintiffs in employment discrimination cases," Donnelly Affidavit at [unnumbered] 2, and that accepting such work is "not popular and is undesirable in this legal market and community." Id. Further, in such cases the fees awarded "should not be constrained by the amount of recovery," McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1185 n. 4 (11th Cir.1993), in part because "damage awards may not fully reflect the public benefits of plaintiffs' verdicts in civil rights litigation." Id.

LCMC objected to Plaintiffs' attorneys' contentions with respect to one of the Johnson factors, stating "there is no showing in the motion that counsels' representation of Plaintiffs precluded other employment." Response at 2. It is true the trial in this matter took nearly one week to complete. However, neither Donnelly nor Franklin made specific reference to actual employment lost in their affidavits. While Defendant is correct in its contention, such a shortcoming is immaterial. Having reviewed the record and the affidavits submitted, and with consideration given to the applicable Johnson factors [3] and to other fees awarded in this market, the Court finds the attorneys' abilities and performance and the facts and circumstances of this case clearly support a finding that $150.00 per hour is a reasonable hourly rate.

*Reasonable Hours Expended* [4]

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." Norman, 836 F.2d at 1301. Plaintiffs' attorneys submit they have worked a total of 484.25 hours on this cause. Motion at 19. Ms. Franklin states she has expended 172.55 hours. See Franklin Affidavit at [unnumbered] 3. This figure is confirmed by the itemized statement provided with the aforementioned affidavit. Mr. Donnelly claims he has worked 311.7 hours on this matter, see Donnelly Affidavit at [unnumbered] 2; however, the Court's review of his itemized statement of hours finds it contains a mathematical error and the itemized hours actually total 311.9 hours. See Attorney Time for Paul A. Donnelly, attached to Donnelly Affidavit as Exhibit B. As the itemized statement supports this number, the Court will credit Donnelly with working 311.9 hours.

LCMC objects to the hours listed by Plaintiffs' attorneys "for any time expended before the Florida Commission on Human Relations ('FCHR'), and subsequently before the Florida Division of Administrative Hearings ('DOAH'), as to which Spradley's peti-

3. The Court has not discussed the Johnson factors which Plaintiffs conceded were not applicable in the matter and to which no objection was made by the Defendant.

4. The Court's review of the itemized statements submitted by Mr. Donnelly and Ms. Franklin reflects they shared responsibility on many tasks involved in preparing for litigation. However, absent an objection by the Defendant, the Court does not review these statements for duplicate efforts.

tion for hearing was withdrawn ..., and as to which Rowe failed to file a timely request for hearing." Response at 1–2. A review of the detailed statements submitted by Plaintiffs' attorneys shows Ms. Franklin's involvement with this case did not entail time representing the Plaintiffs before the FCHR or DOAH. *See* Franklin Affidavit. The itemized time statement for Mr. Donnelly shows fifteen separate entries with specific references to either the FCHR or DOAH. *See* Exhibit B, attached to Donnelly Affidavit. The hours from these entries total 15.2.

■ "The ADEA mandates filing with a state administrative agency, in states with agencies empowered to remedy age discrimination, as a prerequisite to commencing an action in the federal district court." *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir.1988). The Second Circuit has held that,

> [s]ince Congress specifically authorized fee awards for private plaintiffs under the ADEA, and required that those plaintiffs at least give administrative proceedings a chance before commencing an action in federal court, we conclude that Congress intended a fee award under the ADEA to cover time spent on administrative proceedings that were a prerequisite to the action.

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir.1987). Although the Eleventh Circuit specifically found it did not need to decide this issue in *Ramsey*, it did state "a strong case can be made for following the decisions of those courts granting an award of prelitigation fees...." *Ramsey*, 861 F.2d at 1545.[5] In light of this authority, the Court finds a fee award including time spent before the state commission (FCHR) and department (DOAH) is appropriate and reasonable.

*Reduction in Fee Award Resulting From Plaintiffs Prevailing on Only One of Two Claims*

■ LCMC contends "Plaintiffs have thus far prevailed on only half of their claims, those sounding in age discrimination. Their attorneys' fees should be reduced accordingly." Response at 3. Plaintiffs, however, contend their attorneys "are entitled to recover for all reasonable billable time," *see* Motion at 16, because "[i]t is impossible to distinguish which time was spent on the age discrimination claim and which time was spent on the sex discrimination claim, because they involved a common ca[s]e of operative facts and related theories." *Id.* For support, Plaintiffs cite to the Eleventh Circuit's ruling in *Davis*, 936 F.2d 1208.

In *Davis*, a prison inmate prevailed on only two of fifteen claims that two prison guards had violated his civil rights. *Id.* at 1210, 1214. The Eleventh Circuit upheld the district court's award of attorneys' fees despite the defendants' argument the award was excessive because "[the plaintiff's] attorneys lost on thirteen of fifteen claims, failed to recover more than nominal damages, and did not provide the court with proper documentation of time records by distinguishing time spent on victorious claims from the total number of hours spent on the case." *Id.* at 1214. The Court cited to *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), where the Supreme Court held:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.

*Davis*, 936 F.2d at 1214 (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940). The Eleventh Circuit accepted the lower court's determination concerning the number of reasonable hours because the plaintiff's claims "arose from the same operative facts," *Davis*, 936 F.2d at 1214, and "were presented as alternative theories that could support a verdict." *Id.*

---

5. The Eleventh Circuit did not reach this issue because it affirmed the district court's determination the attorney's prelitigation services were duplicated by later litigation work. *Ramsey v.*

*Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir.1988). In this matter the Defendant has not objected to Plaintiffs' attorneys' hours as being duplicative.

The Court finds the rationale from *Davis* applies in the present case. Mr. Donnelly asserts "[t]he work of the Plaintiffs' attorneys in this case on the age & sex counts was inextricably intertwined, arose from a common core of operative facts and utilized common theories." Donnelly Affidavit at [unnumbered] 3. A review of the file and, specifically, the pleadings, indeed reveals Plaintiffs' age discrimination and sex discrimination claims were based upon the same set of operative facts. The age discrimination and sex discrimination claims were raised as alternate theories of recovery under the factual circumstances. Based upon the circumstances of this cause it is not necessary for Plaintiffs' attorneys to differentiate between time spent on the age and sex discrimination claims and, thus, a reduction of the fee award is not in order.

*Lodestar Enhancement*

As Plaintiffs do not seek enhancement of the lodestar attorneys' fees amount (i.e. reasonable hours multiplied by reasonable hourly rate), the Court does not consider this issue.

### Costs

 Plaintiffs attached their Statement of Costs as Exhibit C to the Donnelly Affidavit. The costs for which they seek payment are the filing fee, sheriff service, copy of FCHR file, deposition transcripts, photocopies, transparencies, rental of an overhead projector and screen, a process server, and twenty-one hours of law clerk time at $8.00 per hour. LCMC's sole objection is with respect to the cost entry for the law clerk, claiming the Plaintiffs have not provided "supporting evidence or showing of necessity ..." for such an expense. Response at 3.

The Supreme Court held, in *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), that a "reasonable attorney's fee" under the Civil Rights Attorneys' Fees Awards Act, includes work performed by paralegals and law clerks. *Id.* at 285, 109 S.Ct. at 2470. However, the mere listing of "law clerk" followed by the amount of hours worked and hourly rate charged is not an adequately documented record. In such a case as this, where sufficient supporting documentation is not provided, it is not possible for the Court to verify the reasonableness of the fee to be paid for the law clerk's time. Thus, the amount of $168.00 shall be deducted from the total costs sought by Plaintiffs.

### Conclusion

Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs (Doc. # 86) is **GRANTED** as follows. Plaintiffs are entitled to an award for attorneys' fees representing 172.55 hours worked by Ms. Franklin and 311.9 hours worked by Mr. Donnelly, a total of 484.45 hours, at an hourly rate of $150.00. Thus, Defendant shall remit $72,667.50 for attorneys' fees and $1,100.36 for costs. Otherwise, the Motion is **DENIED.**

**DONE AND ORDERED.**