**Judith STOVER**

v.

**Richard W. RILEY, Secretary to United States Department of Education.**

Civil Action Nos. 97–7151, 98–1905.

United States District Court,
E.D. Pennsylvania.

Dec. 9, 1998.

Doris J. Dabrowski, Mary Ann Hagan, Philadelphia, PA, for Plaintiff.

Susan Dein Bricklin, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

### MEMORANDUM

BARTLE, District Judge.

These are two consolidated actions, both brought pursuant to the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, *et seq.,* ("Title VII"), in which the plaintiff alleged that the defendant, the Secretary of the United States Department of Education, unlawfully discriminated against her when he failed to promote her on two occasions. Presently before the court is plaintiff's motion to enforce the parties' settlement agreement and determine the amount of reasonable attorney fees and costs.

In 1997, Ms. Stover was employed by the United States Department of Education in Philadelphia, Pennsylvania, as an Equal Opportunity Specialist in the Office for Civil Rights. In January, 1997, and again in October, 1997, she learned that her employer had denied her a promotion. After hiring an attorney to assist her, she filed administrative complaints raising allegations of unlawful discrimination based on her race and sex, and allegations of unlawful retaliation against her for filing a previous employment bias complaint. In November, 1997, and in April, 1998, she filed her federal actions. These actions were then consolidated for purposes of discovery and trial.

In late August, 1998, the defendant made an offer of judgment in both actions in accordance with Rule 68 of the Federal Rules of Civil Procedure.[1] Plaintiff accepted the offer, and the court entered judgment in favor of the plaintiff and against the defendant "in accordance with the offer of judgment." The offer of judgment specifies, in relevant part:

1. Defendant offers to allow plaintiff Judith Stover to take judgment against him, together with costs then accrued (including a reasonable attorney's fee as "a part of the costs," 42 U.S.C. § 2000e–5(k)).

2. In addition, plaintiff shall be placed in a non-supervisory Equal Opportunity Specialist position, Grade GS–13, within 30 days of the entry of judgment.

3. The judgment entered against defendant shall be for the amount of Five Thousand Dollars ($5,000) damages.

4. Costs then accrued, including a reasonable attorney's fee as part of the costs [, are to] be either determined by the Court or agreed upon by plaintiff and defendant following acceptance of this Offer of Judgment.

Neither party disputes that the offer of judgment, accepted by the plaintiff, is valid and binding. Pursuant to paragraph no. 2 of the agreement, Ms. Stover has received a promotion. The parties agree that $5,000 in damages, as set forth in paragraph no. 3, is owed to plaintiff and that this amount is currently unpaid.[2] Ms. Stover and the Government have not been able to agree, however, upon the amount of attorney's fees or costs owed in accordance with their settlement. Plaintiff requests $36,510.22 in attorney's fees and $1,324.82 in costs.

### I

In calculating this fee award, we are applying the analysis used in awarding fees to a prevailing party in a Title VII action. *See Hensley v. Eckerhart,* 461 U.S.

---

1. Rule 68 provides:

   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment ...

2. The plaintiff brought the motion to enforce the agreement with respect to this $5,000 in damages. Defendant concedes that the $5,000 is owed and has not yet been paid. During a telephone conference in which counsel for both sides and the court participated, the Government represented that it will pay the $5,000 damages once counsel fees and costs have been finally determined. Therefore, at this time we will deny plaintiff's motion to enforce the settlement agreement without prejudice.

424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We begin by multiplying the number of hours reasonably expended on these actions by a reasonable hourly rate. *See id.* 461 U.S. at 433, 103 S.Ct. 1933. The product is known as the "lodestar." *See Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir.1996). The plaintiff must provide the court with adequate documentation for the hours and rates requested. *See Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. Upon objection by the opposing party, the court must exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Id.* 461 U.S. at 434, 103 S.Ct. 1933. The defendant may raise objections in a brief or answer. To the extent that the defendant's objections seek to raise factual issues, such as a claim that the fee petitioner's counsel actually billed at a lower rate than represented, the defendant must support those assertions with affidavits. *See Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir.1989).

## II

■ Defendant contends that the attorney fee petition submitted by plaintiff's counsel is insufficiently specific to allow any assessment of the reasonableness of the hours, that plaintiff's counsel spent excessive amounts of time on certain tasks, and that some of the attorney hours spent at the administrative level are not recoverable.

■ The Court of Appeals for the Third Circuit has explained that the degree of specificity of records required to support a request for attorney's fees is " 'some fairly definite information as to the hours devoted to various general activities.' " *Pawlak v. Greenawalt,* 713 F.2d 972, 978 (3d Cir.1983) (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 167 (3d Cir.1973)). It is

not necessary to know the specific amount of time devoted to precise activities. *See id.* The focus of our inquiry is whether the supporting records are specific enough to permit us to determine whether the claimed fees are reasonable. *See id.*

Plaintiff has submitted a chronological summary of the tasks her attorney performed and the total time her attorney spent on these cases each day. Defendant contends that plaintiff's entire fee petition is infected by a lack of specificity. It cites three examples:

| 01/21/97 | Reviewing documents; review letter to EEO Counselor | 2 hrs. 30 minutes |
|---|---|---|
| 02/25/97 | Meeting with client, Reviewing documents | 3 hrs. |
| 08/21/97 | Review of documents; preparation of letter to Agency, discussion with client as to her affidavit being submitted; research | 7 hrs. |

Defendant complains that these descriptions say nothing about what documents or letters were reviewed, what research was done, or what subject matter was discussed at the meetings. Although this is true, the descriptions do, indeed, give us " 'some fairly definite information as to the hours devoted to various general activities.' " *Id.* We conclude that these entries, as well as the other entries in the fee petition, are sufficient to allow us to determine whether the claimed fees are reasonable. Thus, we reject defendant's general objection to the level of specificity of the fee petition.

■ Defendant next contends that the entire fee petition is defective because plaintiff reported excessive hours for all tasks. The majority of plaintiff's counsel's time was spent on research, document review, and client contacts, for which the fee petition reflects the following hours: [3]

| Task | Total | 1997 | 1998 |
|---|---|---|---|
| Research | 28 hrs. 40 min. | 13 hrs. 25 min. | 15 hrs. 15 min. |

---

**3.** The fee petition submitted by plaintiff's counsel often groups several items into one entry for each day and provides the aggregate time devoted to all of the activities as one total. In making our calculation of the amount of time expended on a certain task, we made a reasonable estimate of the portion of time reported in each entry that was devoted to that task.

| | | | |
|---|---|---|---|
| Document review | 50 hrs. 10 min. | 17 hrs. 35 min. | 32 hrs. 35 min. |
| Client contact (by phone, letter, or in person) | 44 hrs. 47 min. | 30 hrs. 15 min. | 14 hrs. 32 min. |

---

Plaintiff's counsel's affidavit shows that for at least the past twenty years her practice has focused exclusively or primarily in the area of employment bias cases. The actions at issue here involve relatively discrete issues, and they never went to trial. The parties did exchange interrogatories and responses, but neither party has provided the court with those documents. One motion to dismiss was filed by the defendant, along with a response by the plaintiff. Based upon the nature of these actions and the other evidence before the court, the hours reported by this experienced attorney for research, document review, and client contact appear unreasonably high. To bring the figures into a reasonable range, we will reduce each by one-third, for a total reduction of forty-one hours and thirteen minutes.[4]

■ The Government challenges a portion of the hours reported for administrative activities. It contends that the plaintiff did not satisfy all the conditions for making these hours subject to a fee award. Specifically, the defendant argues that the time plaintiff's counsel spent on the cases prior to the filing of the administrative complaints is not compensable under 29 C.F.R. § 1614.501(e)(1)(iv), which provides in relevant part:

Attorney's fees shall be paid only for services performed after the filing of a written complaint and after the complainant has notified the agency that he or she is represented by an attorney, except that fees allowable for a reasonable period of time prior to the notification of representation for any services performed in reaching a determination to represent the complainant. Written submissions to the agency that are signed by the representative shall be deemed to constitute notice of representation.

The defendant argues that plaintiff's fee petition requests payment for more than a reasonable period of time prior to the filing of the administrative complaints.

The regulation cited by the defendant pertains to the remedies to be awarded by the Equal Employment Opportunity Commission or a federal agency when it finds that an employee was subjected to unlawful discrimination in violation of Title VII. *See* 29 C.F.R. § 1614.501(e)(1). The parties' agreement makes no reference to the regulation.[5] The award of attorney fees in this case is being made pursuant to the standard guiding courts in awarding attorney fees to prevailing parties in accordance with 42 U.S.C. § 2000e–5(k). These actions have progressed beyond the administrative stage, so the cited regulation is not directly applicable.

4. We will subtract 20 hours and 25 minutes from the 1997 total and 20 hours and 48 minutes from the 1998 total, in accordance with the following:
*1997 hours:*
Research time reported: 13 hrs. 25 min.
  1/3 of research time: 4 hrs. 28 min.
Document review time reported: 17 hrs. 35 min.
  1/3 of document review time: 5 hrs. 52 min.
Client contact time reported: 30 hrs. 15 min.
  1/3 of client contact time: 10 hrs. 5 min.
TOTAL 1997 TIME REDUCTION: *20 hrs. 25 min.*
*1998 hours:*
Research time reported: 15 hrs. 15 min.
  1/3 of research time: 5 hrs. 5 min.
Document review time reported: 32 hrs. 35 min.
  1/3 of document review time: 10 hrs. 52 min.
Client contact time reported: 14 hrs. 32 min.
  1/3 of client contact time: 4 hrs. 51 min.
TOTAL 1998 TIME REDUCTION: *20 hrs. 48 min.*

5. The offer of judgment does refer to the statute allowing for a court award of attorney fees in a Title VII action, 42 U.S.C. § 2000e–5(k). It provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Ms. Stover was required to initiate the administrative proceedings relevant here in order to preserve her right to institute actions in this court. *See* 42 U.S.C. § 2000e–5(f). The Department of Education was on notice as early as January 21, 1997 that plaintiff was represented by counsel with respect to her claim of a denial of a promotion. With respect to plaintiff's claim of an October, 1997, denial of a promotion, plaintiff's counsel sent a notice of appearance to the Department of Education on October 28, 1997. The hours for which plaintiff's counsel billed at the administrative level were all in connection with the mandatory administrative proceedings. In light of the fact that we have already decided to reduce the number of hours expended on research, document review, and client contacts, some of those hours having been expended at the administrative level and some expended in the civil actions, we do not think it is necessary to further reduce the hours spent in the mandatory administrative proceedings. *See New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61–62, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

### III

█ Defendant next argues that the hourly rate charged by plaintiff's counsel is excessive and unreasonable. The Government maintains that some of the tasks should not be billed at counsel's regular hourly rate because they are tasks that should have been performed by a paralegal or a secretary and thus should be reimbursed at a significantly lower rate. Defendant also avers that counsel's normal hourly rates of $200 per hour in 1997 and $210 per hour in 1998 are too high and that she has failed to establish that they are reasonable within the relevant market.

Defendant points to a list of tasks reported by plaintiff's counsel which it says should not be compensated at her usual hourly rate. Those items include:

| | | |
|---|---|---|
| 08/27/97 | Call from Ms. Armstrong of Dept. of Education ... said Fed Ex records showed we sent on Fri, 8/22—it was timely, etc. | 8 min. |
| 12/05/97 | Service upon U.S. ... of the Summons, Federal Complaint and related papers | 30 min. |
| 01/02/98 | Prepared Return of Service of the Complaint and Summons with transmittal letter to the Clerk of the Court with certificate of service and copies to the U.S. Attorney and client | 30 min. |
| 02/04/98 | Call to U.S. District Court docket clerk; call to client | 15 min. |
| 02/05/98 | Call to Clerk's office, U.S. District Court | 5 min. |

While it is a close question, we do not find that it is outside the realm of reason for these tasks to be performed by a lawyer. Significantly, the defendant does not provide us with an appropriate paralegal rate which might be substituted in place of plaintiff's counsel's hourly rate. *See Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir.1997). Accordingly, we will allow plaintiff to recover counsel fees for these tasks at her regular hourly rate.

█ The defendant also argues that plaintiff has failed to satisfy her burden of establishing that her $200 and $210 hourly rates are reasonable. A reasonable hourly rate is determined in accordance with the prevailing market rate in the community. *See Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir.1996). The rate should reflect the attorney's skill and experience. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The party requesting the fees bears the burden of proving, by the attorney's affidavit and other satisfactory evidence, that the rate requested is the prevailing market rate. *See Washington*, 89 F.3d at 1035. Where an attorney has submitted affidavits from fellow practitioners supporting the requested rate, we may not lower this rate unless the opposing party has submitted contradictory evidence. *See id.* 89 F.3d at 1036.

Plaintiff's counsel's affidavit states that she believes her hourly rates are "reasonable and conservative." With thirty-four years of experience as an attorney, most of it in litigation, she has had her own Philadelphia practice for over twenty years. She has worked exclusively or primarily on employment bias cases for twenty-five years. According to affidavits from several other Philadelphia practitioners with experience in federal em-

ployment law litigation, plaintiff's counsel's $200 and $210 hourly rates are reasonable for an attorney with her experience in this area of the law and in this city. The defendant has not produced any evidence to contradict what was set forth in the affidavits provided by the plaintiff. Therefore, we conclude that the $200 and $210 hourly rates are reasonable.

Plaintiff's counsel reported expending sixty-nine hours and forty-eight minutes on these cases in 1997. We have determined that twenty hours and twenty-five minutes should be subtracted from this amount. Thus, at an hourly rate of $200, we calculate the product is:

49 hrs. 23 min. X $200 = $9,877

Plaintiff's fee petition shows that her counsel expended 108 hours and three minutes on these cases in 1998. Subtracting the twenty hours and forty-eight minutes we concluded was excessive and multiplying by the $210 hourly rate in 1998, the product is:

87 hrs. 15 min. X $210 = $18,323

Adding these products together, we reach a lodestar figure of $28,200.

### IV

■ Now that we have determined the lodestar, we must consider defendant's argument that the lodestar should be adjusted downward to reflect the only partial success of the plaintiff.

■ Once a court has calculated the product of the reasonable hours and the reasonable rate, that amount may be adjusted upward or downward based upon certain considerations. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). One such consideration is the level of success achieved by the plaintiff. *See id.* In a case like this one, where there has been settlement by agreement, determining the level of success achieved by the plaintiff may be more difficult than if the case had been litigated.

Plaintiff brought both of these actions under Title VII, with no other federal or pendant state law claims. She sought a promotion, compensatory damages, protection against retaliation, back benefits, and other associated relief. Defendant argues that because the settlement agreement provided for only the promotion and a "limited amount" of compensatory damages, and not the other associated relief requested, plaintiff has only achieved partial success in these actions.

The settlement agreement provided for plaintiff to receive the main goal of her federal complaints—the promotion she says she was unlawfully denied and some damages. The $5,000 in damages she accepted, though, were well below her request for over $100,-000 damages, excluding interest and costs, in her complaint. Plaintiff also did not receive the back benefits she requested. For this reason, we will reduce the lodestar by fifteen percent. The attorney's fees to which the plaintiff is entitled thus total $23,970.

### V

■ Finally, we must determine the amount of the costs to be paid by defendant in accordance with the agreement. Defendant argues that the documentation submitted by plaintiff is insufficient to support any award for costs. With respect to most of the items listed as "out of pocket expenses," we disagree. However, defendant makes a specific objection to plaintiff's request for $310 in "client's expenses." Even assuming a client's expenses are allowable in an award for costs, plaintiff's documentation is insufficient to support them here. She describes the "client's expenses" simply as costs of "travel, copies, postage," and has not submitted any further explanation. With such little information, we have no basis to assess the reasonableness of these costs. Therefore, the $310 for client's expenses will be excluded, and plaintiff will be awarded costs totaling $1,014.82.

### *ORDER*

AND NOW, this 9th day of December, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the plaintiff, Judith Stover, is awarded $23,970 in attorney's fees and $1,014.82 in costs against the defendant Richard W. Ri-

ley, Secretary to the United States Department of Education; and

(2) the motion of the plaintiff to enforce the settlement agreement is DENIED without prejudice.