**Bryan CORRELL, Relator,**

v.

**DISTINCTIVE DENTAL SERVICES, P.A., and Commissioner of Minnesota Department of Human Rights, Respondents.**

No. C4–01–1005.

Court of Appeals of Minnesota.

Dec. 11, 2001.

William J. Egan, Edina, for relator.

Duane G. Johnson; and John D. Hagen, Jr., Minneapolis, for respondent Distinctive Dental Services.

Mike Hatch, Attorney General, Erica Jacobson, Assistant Attorney General, St. Paul, for respondent Commissioner.

Considered and decided by
HALBROOKS, Presiding Judge,
KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

By writ of certiorari, relator Bryan Correll challenges an administrative law judge's (ALJ) denial of his request for attorney fees under Minn.Stat. § 363.071, subd. 2 (2000). Correll had filed a complaint with respondent Commissioner of Minnesota Department of Human Rights, alleging that respondent Distinctive Dental Services, P.A. (Distinctive Dental) unlawfully discriminated against him on the basis of his marital status. Because the ALJ has broad authority to award attorney fees under the Minnesota Human Rights Act (MHRA), Minn.Stat. §§ 363.01–.20 (2000), and because the fees incurred by Correll in petitioning to stay Distinctive Dental's demand for arbitration were necessary to continuation of the administrative proceedings before the ALJ, we reverse the denial of fees and remand to the ALJ to determine a reasonable amount of fees.[1]

---

1. The commissioner appears as a respondent, but aligns himself with Correll and urges reversal. Although not a proper respondent in this appeal, the commissioner has not raised separate issues, and Distinctive Dental has not claimed any prejudice. *See In re Petitions to Adopt K.L.L.,* 515 N.W.2d 618, 623 (Minn. App.1994) (refusing to strike respondent's brief that supports appellant's position, when

## FACTS

Correll began working as a dentist for Distinctive Dental in February 1994. His employment agreement included a non-compete clause. In September 1994, Correll was fired for "breach of contract" after his wife, who is also a dentist, began practicing with one of Distinctive Dental's competitors.

In September 1995, Correll filed a charge with the department, alleging marital status discrimination under Minn.Stat. § 363.03, subd. 1(2)(b) (1994). The department conducted an investigation, made a probable cause determination favorable to Correll, issued a complaint, and scheduled a hearing before an ALJ under Minn.Stat. §§ 363.06, subd. 4(3), .071 (1994).

Shortly before the scheduled hearing, Distinctive Dental filed a demand for arbitration. Correll hired an attorney and, in 1998, filed a petition in district court to stay arbitration under Minn.Stat. § 572.09(b) (1998). He argued that proceedings under the MHRA, while pending, are exclusive under Minn.Stat. § 363.11 (1998). The district court agreed and ordered the arbitration stayed. On appeal, this court reversed, concluding that public policy favors arbitration. *Correll, D.D.S. v. Distinctive Dental Servs., P.A.*, 594 N.W.2d 222 (Minn.App.1999). The supreme court granted review and reversed this court, concluding that charges pending before the department are not subject to arbitration even if the parties have a preexisting agreement to arbitrate. *Correll, D.D.S. v. Distinctive Dental Servs., P.A.*, 607 N.W.2d 440 (Minn.2000). The supreme court thus held that Correll was entitled to a stay of arbitration. *Id.* at 447.

The matter returned to the ALJ, who found that Distinctive Dental had unfairly

brief does not raise separate issues and no

discriminated against Correll. The ALJ awarded Correll $34,103.04 in compensatory damages under Minn.Stat. § 363.071, subd. 2 (2000). The ALJ also concluded that the department was entitled to its litigation and hearing costs under Minn. Stat. § 363.071, subd. 7 (2000).

The ALJ refused, however, to award Correll attorney fees incurred in connection with his petition to stay arbitration. The ALJ concluded that because the petition to stay arbitration "revolved around a legal procedural issue, not the merits of the [discrimination] claim," he was not authorized to award Correll fees under Minn. Stat. § 363.071, subd. 2. This appeal followed.

## ISSUES

1. Is Correll inappropriately raising issues for the first time on appeal and does his failure to file a reply brief suggest that his position is weak or without merit?

2. Did the ALJ err in refusing to award Correll fees incurred in connection with his petition to stay arbitration?

## ANALYSIS

■ This case involves the ALJ's authority to award fees under the MHRA, which is purely a legal issue subject to a de novo standard of review. *See State v. Pflepsen*, 590 N.W.2d 759, 763 (Minn.1999) ("questions concerning the authority and jurisdiction of the lower courts are legal issues subject to de novo review"); *Frost–Benco Elec. Ass'n v. Minn. Public Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (agency's authority and jurisdiction over particular area is legal issue subject to de novo review); *McLain v. McLain*, 569 N.W.2d 219, 222 (Minn.App.1997) ("This court reviews legal issues concerning jurisdiction de novo."), *review denied* (Minn.

prejudice established).

Nov. 18, 1997). This case also involves statutory construction and application of a statute to undisputed facts, which constitute questions of law subject to de novo review. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998); *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996).

### I.

■ Distinctive Dental insists that Correll relies on legal theories that were never raised before the ALJ. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (party may not "obtain review by raising the same general issue litigated below but under a different theory"). We disagree. The arguments now advanced by all parties, including Distinctive Dental, focus on the ALJ's analysis and stated reasons for denying fees. Because these arguments present legal issues that are necessary to our review of the ALJ's decision, they are not new issues and are within our scope of review. *See* Minn. R. Civ.App. P. 103.04 (appellate court may decide issue in interests of justice).

■ At oral argument before this court, Distinctive Dental also asserted that Correll's failure to file a reply brief demonstrates weakness in his case. Again, we disagree. A reply brief is optional. *See* Minn. R. Civ.App. P. 128.02, subd. 3 (providing that appellant "may" file reply brief, which "must be confined to new matter raised" in respondent's brief); *State v. Kelly,* 535 N.W.2d 345, 348 (Minn.1995)

(stating that reply briefs are discretionary and limited in scope). Thus, Correll's failure to file a reply brief does not reflect on the merits of his case.

### II.

■ A party may not recover attorney fees from an opponent unless a statutory or contractual provision expressly allows for such recovery. *Hoang Minh Ly v. Nystrom,* 615 N.W.2d 302, 314 (Minn. 2000). The MHRA allows victims of discrimination to recover attorney fees under a number of provisions, depending on the course of action chosen. *See* Minn.Stat. §§ 363.14, subd. 3 (authorizing attorney fees to prevailing party in civil action), .071, subd. 1a (authorizing attorney fees to aggrieved party who requests hearing), .071, subd. 2 (authorizing ALJ to award attorney fees to aggrieved party) (2000).[2]

■ Minn.Stat. § 363.071, subd. 2, the statute at issue here, gives an ALJ considerable discretion to fashion relief for victims of discrimination. That discretion includes ordering an offending party to cease and desist from discriminatory practices; imposing civil penalties; ordering the hiring, reinstatement, or position upgrading of an aggrieved party; and awarding back pay, treble damages, damages for emotional distress, and up to $8,500 in punitive damages. *Id.* With respect to attorney fees, Minn.Stat. § 363.071, subd. 2 states: "In all cases, the Administrative Law Judge may also order the Respondent to pay an aggrieved party, who has suf-

---

2. Minn.Stat. § 363.14, subd. 3, provides that "[i]n any action or proceeding brought pursuant to this section," a court may award the "prevailing party a reasonable attorney's fee as part of the costs." Although this language is virtually identical to that of Title VII, 42 U.S.C. § 2000e–5k (1994), it is different from the language of Minn.Stat. § 363.071, subd. 2, which allows attorney fees in "all cases." Because Title VII does not provide for admin-

istrative hearings on discrimination claims, no statutory counterpart to Minn.Stat. § 363.071, subd. 2 exists in federal law. Thus, while Title VII cases may be discussed by analogy, they do not control here. *See Cummings v. Koehnen,* 568 N.W.2d 418, 422 n. 5 (Minn.1997) (declining to follow federal Title VII cases where language of MHRA dissimilar to Title VII).

fered discrimination, * * * reasonable attorney's fees[.]" The supreme court has held that courts should not infer limitations on the relief available under Minn. Stat. § 363.071, subd. 2. *Phelps v. Commonwealth Land Title Ins. Co.,* 537 N.W.2d 271, 274 (Minn.1995).

The ALJ nevertheless concluded that he lacked authority to award Correll attorney fees incurred outside the contested case proceeding. He reasoned that when "collateral district court proceedings are involved, the prevailing party's entitlement to attorney's fees should be decided by the presiding district or appellate court[.]" Distinctive Dental expands on the ALJ's reasoning and argues that the authority to award attorney fees on appeal belongs exclusively to Minnesota appellate courts under Minn. R. Civ.App. P. 139.06. This argument is misplaced.

Until there was a contested case hearing and a finding of discrimination Correll was not an "aggrieved party," and there was no substantive basis for awarding fees under Minn.Stat. § 363.071, subd. 2. Had Correll sought fees from this court or the supreme court, his request would have been denied, absent some other contractual or legal basis for such an award. Rule 139.06 merely provides a procedure for seeking attorney fees incurred in the appellate courts and provides no substantive basis for claiming fees. Minn. R. Civ.App. P. 139.06 1998 advisory comm. cmt. Although the rule allows for a "pre-decision" award of fees, such an award must be "allowed by law" or have some substantive basis. *See* Minn. R. Civ.App. P. 139.06, subd. 3 ("[w]here allowed by law, a pre-decision application for fees * * * may be made by motion"); *see also Brett v. Watts,* 601 N.W.2d 199, 202 (Minn.App.1999) (denying request for attorney fees incurred on motion to strike where other party acted in good faith and no other substantive basis existed to pro-

vide exception to general rule that parties are responsible for their own legal costs), *review denied* (Minn. Nov. 17, 1999).

The ALJ further reasoned that he lacked authority to award attorney fees to Correll because the litigation over the arbitration involved a procedural question that was not causally linked to the merits or success of the discrimination claim. This "procedural" or "causal link" requirement was based on the ALJ's reading of several federal cases in which courts awarded fees incurred in collateral, separate proceedings, when those fees were useful or necessary to resolution of the discrimination claims. *See, e.g., Stathos v. Bowden,* 728 F.2d 15 (1st Cir.1984) (fees incurred during state declaratory action allowed where underlying issues "virtually identical" to discrimination claims); *Stover v. Riley,* 30 F.Supp.2d 501, 505–06 (E.D.Pa.1998) (fees allowed under Title VII for work done in mandatory administrative proceeding that was jurisdictional prerequisite to commencement of Title VII action); *Spradley v. Notami Hosps. of Fla., Inc.,* 892 F.Supp. 1459, 1462–63 (M.D.Fla.1995) (same); *Williams v. Sec. of the Navy,* 853 F.Supp. 66, 70 (E.D.N.Y. 1994) (awarding only those fees for work that was useful and necessary to achieve a settlement of the discrimination charge); *Petite v. Reno,* 822 F.Supp. 815 (D.D.C. 1993) (fees incurred in collateral, administrative proceeding allowed where underlying issues "closely tied together" with discrimination claim).

The ALJ may have correctly concluded that because the dispute over the petition to stay arbitration was unrelated to the merits of the discrimination claim, the services provided in connection with the petition were not necessarily useful or helpful to the discrimination claim. The ALJ failed, however, to properly consider whether the fees were necessary or man-

datory to the continuation of the discrimination claim. Although Correll initially had a choice to arbitrate his claim under the terms of his employment agreement, he also had a choice to bring a civil action or file a charge with the department. *See* Minn.Stat. §§ 363.06, .14 (2000). Once Correll chose to file a charge with the department, and the department issued a probable cause determination and set the matter for hearing, arbitration was no longer an option. *See Correll,* 607 N.W.2d at 444 (noting that the MHRA specifically allows arbitration only in two circumstances and that "[b]ecause Correll had already filed a charge with the department, which made a probable cause determination and set the matter for hearing before the arbitration demand was made, neither of these circumstances [was] present").

At that point, Correll's petition to stay Distinctive Dental's demand for arbitration was necessary to the continued pursuit of his discrimination claim. Had Correll done nothing and allowed arbitration to proceed, any arbitration award could have been challenged as unenforceable because, as the supreme court held, Minn.Stat. § 363.11 "precludes arbitration of [any] pending human rights act claim." *Correll,* 607 N.W.2d at 447. We therefore conclude that because the fees incurred by Correll in connection with his petition to stay arbitration were necessary or mandatory to pursuit of his discrimination claim, the ALJ erred in refusing to award Correll fees under Minn.Stat. § 363.071, subd. 2.

▇▇▇ This reading of Minn.Stat. § 363.071, subd. 2 properly construes this provision of the MHRA by giving the ALJ broad authority to award reasonable attorney fees when appropriate. *See* Minn. Stat. § 363.11 ("provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof"). An award of attorney fees here serves to fulfill the fundamental purposes of the MHRA, which include placing individuals who have suffered discrimination in the same position they would have been in had no discrimination occurred, encouraging victims of discrimination to pursue their claims, and encouraging attorneys to represent those victims. *See Giuliani v. Stuart Corp.,* 512 N.W.2d 589, 596–97 (Minn.App. 1994) (recognizing that attorneys who prevail in discrimination cases "serve an important public function which accomplishes a social objective identified by the [MHRA]").

▇▇▇ Finally, Distinctive Dental argues that if this court determines that the ALJ had authority to award fees, the matter must be remanded. We agree. The ALJ found that Correll "incurred $32,463.60 in attorney fees in challenging [Distinctive Dental's] arbitration demand," but he made no findings regarding the reasonableness of this amount. Indeed, the parties did not fully address this issue below, and the ALJ believed that he was "not in a position to evaluate Dr. Correll's counsel's performance or the reasonableness of his fees." Because the amount of attorney fees to be awarded under the MHRA is discretionary with the district court or, in this case, the ALJ, we remand for a determination of a reasonable fee award. *See Anderson v. Hunter, Keith, Marshall & Co.,* 417 N.W.2d 619, 630 (Minn.1988).

## DECISION

The ALJ's denial of the request for attorney fees to Correll under Minn.Stat. § 363.071, subd. 2 is reversed. The matter is remanded to the ALJ to determine a reasonable fee award.

**Reversed and remanded.**