Sarah E. WILLIAMS, Respondent,

v.

ST. PAUL RAMSEY MEDICAL CENTER, INCORPORATED, Petitioner, Appellant.

No. C9–94–2257.

Supreme Court of Minnesota.

July 25, 1996.

Douglas A. Hedin, Elizabeth A. Gidden, Daniel S. Goldberg, Minneapolis, for Amicus Curiae Minnesota Chapter-National Employment Lawyers Association.

Patricia J. Skoglund, Thomas M. Countryman, Jardine, Logan & O'Brien, St. Paul, for Appellant.

Hubert H. Humphrey, III, Attorney General, Lucinda E. Jesson, Assistant Attorney General, St. Paul, for Amicus Curiae State of Minnesota.

Robert J. Hennessey, Ansis V. Viksnins, Theresa M. Herzog, Lindquist & Vennum P.L.L.P., Minneapolis, for Respondent.

## OPINION

COYNE, Justice.

We entertain review on petition of St. Paul Ramsey Medical Center to consider the question of whether, where the plaintiff has asserted a reprisal claim under the Minnesota Human Rights Act, the exclusivity of remedies provision of that Act, Minn.Stat. § 363.11 (1994), operates as a bar to a retaliation claim asserted pursuant to Minn.Stat.

§ 181.932, subd. 1(a) (1994), the Whistleblower Act. In reversing the summary judgment entered in favor of the employer, the court of appeals held that the retaliation claim was not preempted by the exclusivity provision, that Williams was not collaterally estopped from relitigating the elements of that cause of action after her reprisal claim failed and that she was entitled to a jury trial on that claim. *Williams v. St. Paul Ramsey Med. Center*, 530 N.W.2d 852 (Minn.App.1995). We reverse and reinstate summary judgment.

Williams was employed as a pharmacy technician during the period from July 27, 1987 to October 17, 1991. She claims that in September 1989, David Heerwald, a pharmacist, became romantically interested in her and repeatedly asked her for dates during the ensuing 6–month period. She alleges that when she continually refused, he began making sexual comments to her at work and became openly hostile. On November 28, 1990, Williams met with her supervisor to report Heerwald's allegedly hostile and offensive behavior. In response, the employer's sexual harassment coordinator conducted an investigation and ultimately concluded on January 18, 1991 that the allegations were meritless.

At about this same time, Heerwald apparently reported to the employer that Williams' conduct had been inappropriate and insubordinate and his reports were supplemented by those of other co-workers complaining of the plaintiff's attitude, behavior and the quality of her work. Williams received a negative performance evaluation on March 6, 1991. She filed a sexual harassment charge with the Department of Human Rights on March 26, 1991.

Seven months later, Williams' employment was terminated on October 17, 1991 for the stated reasons of inadequate performance, a failure to improve the quality of her work in accordance with a designated improvement plan and for disruptive behavior. She commenced this action on October 14, 1992, alleging that her employment was terminated because she filed a sexual harassment claim, specifically asserting sexual harassment and reprisal claims in violation of the Human Rights Act, Minn.Stat. ch. 363 and retaliation in violation of Minn.Stat. § 181.932, the Whistleblower Act. The employer moved for summary judgment on all claims. Concluding that the retaliation claim was identical to the reprisal claim asserted under the Human Rights Act and that the retaliation claim was therefore preempted by the exclusivity provision contained in the Human Rights Act, the trial court entered summary judgment of dismissal of the whistleblower claim. The sexual harassment and reprisal claims were then tried to the court, which held that Williams had not sustained the burden of establishing either that her co-worker's conduct constituted sexual harassment or a prima facie case of reprisal discrimination. Williams did not appeal from the judgment dismissing her human rights claims and instead only appealed the summary judgment of dismissal of the whistleblower claim.

In reversing and remanding, a majority of the court of appeals' panel held, first, that the exclusivity provision of the Human Rights Act did not operate as a bar to the assertion of both the reprisal claim under the Act and a retaliation claim under the Whistleblower Act[1] and, then, that because

1. In view of earlier decisions of the court of appeals, *e.g.*, *Vonch v. Carlson Companies, Inc.*, 439 N.W.2d 406 (Minn.App.1989), *pet. for rev. denied* (Minn., July 12, 1989); *Briese v. Mayo Foundation*, No. C2–94–1225, 1994 WL 714345 (Minn.App., Dec. 27, 1994), *pet. for rev. denied* (Minn., March 1, 1995), and the federal courts, *Petroskey v. Lommen, Nelson, Cole & Stageberg, P.A.*, 847 F.Supp. 1437 (D.Minn.1994), *aff'd*, 40 F.3d 278 (8th Cir.1994), we regard as rather surprising the lower courts' tacit assumption that Williams' complaint stated a cause of action pursuant to the Whistleblower Act. The popular title of the Act connotes an action by a neutral— one who is not personally and uniquely affronted by the employer's unlawful conduct but rather one who "blows the whistle" for the protection of the general public or, at the least, some third person or persons in addition to the whistleblower. Were it otherwise, every allegedly wrongful termination of employment could, with a bit of ingenuity, be cast as a claim pursuant to Minn. Stat. § 181.932 (1994). Because this case was tried and decided on the basis of exclusivity, we have no occasion to rule on the validity of the cause of action asserted as a whistleblower's claim in Williams' complaint, but we could, in the alternative, have ruled that no such cause of action exists here.

Williams is entitled to a jury trial on the whistleblower claim, she is not collaterally estopped from relitigating the essential elements of the claim. One member of the court of appeals' panel dissented.

The Human Rights Act prohibition against reprisal is contained at Minn.Stat. § 363.03, subd. 7 (1994) which provides in part as follows:

It is an unfair discriminatory practice for any employer, labor organization, employment agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person because that person:

(1) Opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

The language is specific in its prohibition of intentional reprisal by "any employer" against "any person" who engages in enumerated activities—activities directly related to the initiation of or participation in any proceeding, at whatever stage, commenced under the Human Rights Act. Section 363.11, the exclusive remedy provision of that Act, provides as follows:

The provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this chapter shall be deemed to repeal any of the provisions of the civil rights law or of any other law of this state relating to discrimination because of race, creed, color, religion, sex, age, disability, marital status, status with regard to public assistance, national origin, sexual orientation, or familial status; but, *as to acts declared unfair by section 363.03, the procedure herein provided shall, while pending, be exclusive.*

Minn.Stat. § 363.11 (1994) (emphasis added).

Minnesota Statutes § 181.932, subd. 1(a) (1994), the so-called "Whistleblower Act," prohibits an employer from taking any seemingly adverse discriminatory employment action with regard to an employee because:

(a) the employee, * * * in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official.

The Act contains its own remedy provision as follows:

In addition to any remedies otherwise provided by law, an employee injured by a violation of section 181.932 may bring a civil action to recover any and all damages recoverable at law * * *.

Minn.Stat. § 181.935(a) (1994).

The majority of the court of appeals noted that, to the extent the Whistleblower Act is applicable to persons alleging discrimination under the Human Rights Act, the remedy provision of the former conflicts with the exclusive remedy provision of the latter. However, while acknowledging the rule of statutory construction contained in Minn. Stat. § 645.26, subd. 1 (1994), it chose to ignore it. Section 645.26, subd. 1 provides that if an irreconcilable conflict exists between a general provision in a law, *e.g.,* section 181.935(a), and a specific provision, *e.g.,* section 363.11, the specific provision prevails "unless the general provision shall be enacted at a later session *and* it shall be the manifest intention of the legislature that such general provision shall prevail." Minn.Stat. § 645.26, subd. 1(1994) (emphasis added). While the Whistleblower Act was enacted in 1987, long after the Human Rights Act, we cannot identify any clear legislative intention that such a general remedial provision should, as the court of appeals held, "take precedence" over the exclusivity of remedies provision of the Human Rights Act. *See Karst v. F.C. Hayer Co., Inc.,* 447 N.W.2d 180, 184–86 (Minn.1989). Certainly, the legislature could not have contemplated that employees seeking redress for allegedly discriminatory employment action could simultaneously maintain an action relating to the same allegedly discriminatory practice and predicated on identical factual statements and alleging the same injury or damages. The language of the Act does not support

such an interpretation and we decline to judicially fashion such relief.

While in *Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374 (Minn.1990), the plaintiff was authorized to maintain a sexual harassment action under the Human Rights Act and a parallel action for common law battery arising from the same facts, we so held because these separate causes of action require different elements of proof and address different injuries. We conclude that that analysis is not appropriate here and that the exclusivity provision of the Human Rights Act operates as a bar to the separate maintenance of this claim under the Whistleblower Act.

Reversed and summary judgment reinstated.