David ABRAHAM, et al., Appellants,

v.

COUNTY OF HENNEPIN, Respondent.

Nos. CX–00–835, C7–00–1652.

Court of Appeals of Minnesota.

Jan. 9, 2001.

Review Granted March 13, 2001.

Leslie L. Lienemann, Bloomington, MN, (for appellants).

Amy Klobuchar, Hennepin County Attorney, Martin D. Munic, Assistant County Attorney, Minneapolis, MN, (for respondent).

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and MULALLY, Judge.*

## OPINION

SHUMAKER, Judge

Appellants sued their employer, respondent Hennepin County, for money damages under the reprisal and retaliation claim provisions of Minnesota's "Whistleblower Act" and Occupational Safety and Health Act. Ruling that the occupational safety and health act provided the exclusive remedy, the district court dismissed the whistleblower claim. The district court denied appellants' motions for a jury

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art VI, § 10.

trial and for an amended order that would permit an interlocutory appeal. Appellants contend that these rulings were error. Appellants also challenge the district court's findings of fact as being clearly erroneous and contend that the court abused its discretion in awarding respondent the cost incurred in obtaining the trial transcript. We affirm in part, reverse in part, and remand.

## FACTS

Appellants Scott Lennander and David Abraham worked in respondent Hennepin County's print shop. In February 1995, Lennander and Abraham complained to their supervisor, Theresa Schaffer, about the air quality in the shop. They claimed that the poor air quality caused them to have headaches, nausea, and difficulty breathing. A property management worker told Schaffer, Lennander, and Abraham that the shop ventilation system had been closed periodically for asbestos abatement work.

In March 1995, Abraham reported the closed ventilation system and the employee illnesses to Minnesota OSHA (MOSHA). On March 22, 1995, a MOSHA inspector made an unannounced inspection of the shop. Appellants' co-worker, Michael Fishman, claims that he saw Lennander sprinkle chemicals on the print shop carpeting during the inspector's visit. After Fishman asked what he was doing, Lennander eventually stopped. Later, Fishman saw Abraham wave a spray can in the air and heard him say, "Let's get some fumes going in here."

Fishman reported his observations to other workers, and eventually Schaffer asked Fishman about the reports. Fishman told Schaffer what he had seen and heard.

Five days after the inspection, the county suspended Lennander and Abraham. Four days later the county notified them that their employment would be terminated on April 7, 1995, because they attempted to skew the MOSHA inspection results.

Lennander and Abraham sued the county, alleging that their discharges violated the anti-reprisal provisions in MOSHA, Minn.Stat. § 182.669 (1996), the Whistleblower Act, Minn.Stat. § 181.932 (1996), and the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 7 (1996). They also alleged defamation. The district court granted summary judgment dismissing all claims. Lennander and Abraham appealed only as to the MOSHA and whistleblower claims, and we remanded. *See* 1998 WL 202771.

On remand, the district court dismissed the whistleblower claim, ruling that MOSHA provided the exclusive remedy for alleged reprisals. The court denied appellants' motion for a jury trial and conducted a bench trial of the MOSHA action. The court denied appellants' motion to amend its order so as to allow an interlocutory appeal and, after a two-week trial, the court found that the county had not violated the MOSHA anti-reprisal law.

At the end of the trial, the court requested written final arguments. To prepare its argument, the county obtained the trial transcript. As part of the county's taxable costs, the court allowed the expense of the trial transcript. Lennander and Abraham appealed.

## ISSUES

1. Are appellants entitled to a jury trial for either their claim under the Whistleblower Act or under MOSHA where their request for relief is limited to money damages?

2. May appellants assert, for the same conduct, a whistleblower retaliation cause of action under Minn.Stat. § 181.932 (1996), in addition to a claim of MOSHA reprisal under Minn.Stat. § 182.669 (1996)?

3. May the district court's dismissal of appellants' whistleblower retaliation claim be affirmed on alternative grounds?

4. Did the district court err in denying appellants' request for an amended order permitting appeal prior to trial?

5. Are the district court's findings of facts clearly erroneous, as unsupported by the record?

6. Did the district court err in awarding respondent the cost of the trial transcript for use in closing submissions as part of its costs and disbursements pursuant to Minn.Stat. § 549.04 (2000)?

## ANALYSIS

### I.

■ Citing the Minnesota Constitution, a rule of civil procedure, and various Minnesota appellate decisions as their authorities, appellants contend that they are entitled to a jury trial on their whistleblower and MOSHA reprisal claims. Constitutional and statutory interpretations are questions of law for the court and are subject to de novo review. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985) (statutory construction is a legal question subject to de novo review); *State ex rel. Mathews v. Houndersheldt,* 151 Minn. 167, 170, 186 N.W. 234, 236 (1922) (rules of statutory construction apply when construing a constitutional provision).

The right to a jury trial in civil actions in Minnesota is based in the state constitution: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Minn. Const. art I, § 4.

A more particular statement of the right to a jury trial is found in the rules of civil procedure:

In actions for the recovery of money only, or of specific real or personal property, the issues of fact shall be tried by a jury, unless a jury trial is waived or a reference is ordered.

Minn. R. Civ. P. 38.01.

■ Appellants argue that their cases are "cases at law" for the recovery of money only, and thus qualify for jury trial. Appellants also point out that a denial of the right to a jury trial is reversible error. *See Olson v. Aretz,* 346 N.W.2d 178, 182 (Minn.App.1984) (holding that where a party has a constitutional right to a jury trial, the denial of that right is reversible error).

■ The scope of the constitutional guarantee of a jury trial in state civil actions is ascertainable from caselaw, which distinguishes (1) actions at law from causes in equity, and (2) actions existing at the adoption of the constitution from actions created later:

The term "all cases at law" refers to common-law actions as distinguished from causes in equity and certain other proceedings. Art. 1, § 4, preserves unimpaired the right of jury trial as it existed by the laws of the territory at the time our state constitution was adopted * * *.

*Breimhorst v. Beckman,* 227 Minn. 409, 433, 35 N.W.2d 719, 734 (1949).

■ If the legislature creates a new action at law, the granting or withholding of a jury trial is a legislative prerogative:

[W]here new rights and remedies are created which were unknown at common law, the giving or withholding of a jury trial is a legislative privilege.

*Id.* at 434, 35 N.W.2d at 734 (citations omitted).

■ When a newly created action at law is a fundamentally different substitution for a previously existing common-law action for which a jury trial was available, the legislature still enjoys the privilege of granting or withholding the right of jury trial. *Id.* So, in *Breimhorst,* the supreme court held that a workers' compensation claim for money damages for personal injury did not carry a right to jury trial because, in creating such a claim, the legislature did not grant that right, even though the right existed in the preexisting

common-law action for money damages. *Id.*

Throughout the years since *Breimhorst,* our courts have often considered the issue of when litigants are entitled to jury trials. For example, in *Rognrud v. Zubert,* 282 Minn. 430, 165 N.W.2d 244 (Minn.1969), the supreme court held that there is no right to a jury trial in an action for specific performance of a contract to convey real estate because historically such an action was equitable rather than legal. *Id.* at 434, 165 N.W.2d at 247. The appellants in *Ewert v. City of Winthrop,* 278 N.W.2d 545, 550 (Minn.1979), contended that they were entitled to a jury trial in the appeal of a municipal special assessment to the district court. The supreme court held that the right to appeal a special assessment was statutory and did not exist at common law, and that the legislature, in creating the right, did not allow a jury trial. *Id.* at 550–51.

■ The court of appeals in *Olson,* 346 N.W.2d at 181, held that a claim for the recovery of money alleging lawyer negligence carries a right to a jury trial. Although the court gave as the reason for its decision the principle that if a "claim is for the recovery of money, the Minnesota Constitution assures a right to a jury trial," that statement, if read outside the context of the case, does not accurately describe the constitutional right to a jury trial. *Id.* at 181. As discussed above, the claim must be an action at law *and* must have existed when the state constitution was adopted. The mere fact that a claim is solely for the recovery of money will not suffice. If that were the case, workers' compensation claims and human rights act claims, being actions for the recovery of money, would carry a constitutional entitlement to jury trial. But because these actions did not exist when the constitution was adopted, they do not carry jury trial rights.

Finally, in *Tyroll v. Private Label Chems., Inc.,* 505 N.W.2d 54, 56–57 (Minn. 1993), the supreme court considered the right of jury trial in a subrogation action brought by a workers' compensation insurer after the injured employee entered a Naig settlement. The court reiterated the *Breimhorst* declaration:

> Generally speaking, our state constitution guarantees a jury trial for causes of action recognized as common law actions when our constitution was adopted.

*Id.* at 57. The court said that the action in question was a routine negligence personal injury claim raising common-law issues triable by a jury. *Id.*

■ Although the reprisal claims allowed under the Whistleblower Act and MOSHA can be claims for the recovery of money, such claims did not exist as part of the common law when the state constitution was adopted. And the legislature, in enacting those laws, did not provide that the claims are triable to a jury. Because we cannot find a jury trial right in the constitution or the statutes for reprisal claims under either the Whistleblower Act or MOSHA, we conclude that such claims are not triable to the jury. The district court did not err in denying appellants' motion for a jury trial in the MOSHA action.

■ Appellants argue that some whistleblower and MOSHA cases have been tried to juries and, on review, appellate courts have not declared jury trials unavailable for such actions. We are not persuaded by this argument. We know of no rule that prohibits jury trials for whistleblower or MOSHA claims if the litigants and trial courts agree. Furthermore, with one exception, no one appears to have raised the issue for appellate review in these cases. As a general rule, appellate courts do not determine issues that have not been raised on appeal. *State v. Hannuksela,* 452 N.W.2d 668, 673–74 n. 7 (Minn.1990) (stating that appellate courts can address issues not raised on appeal when reasoning relied upon by court is neither novel nor questionable).

The exception is *Williams v. St. Paul Med. Ctr., Inc.,* 530 N.W.2d 852, 856–57 (Minn.App.1995), *reversed on other grounds,* 551 N.W.2d 483 (Minn.1996). The court of appeals concluded that there is a jury trial right in whistleblower actions, suggesting that the Whistleblower Act codified the common law and that Minn. R. Civ. P. 38.01 provides for jury trials in actions for the recovery of money. *Id.* at 856–57. The supreme court reversed on other grounds, and did not discuss the holding on the jury trial issue. Appellants' reliance on this court's holding in *Williams* is misplaced. Because the supreme court reversed the decision, *Williams* is not good authority. Having reversed this court, the supreme court was not required to address other issues on which reversal may have been sought. We cannot, therefore, conclude that there occurred a sub silentio affirmance of this court's holding on the availability of a jury trial.

Further, this court's holding in *Williams* is incorrect. The bases for the holding were rule 38.01, addressed above, and *Phipps v. Clark Oil & Refining Corp.,* 408 N.W.2d 569 (Minn.1987). In *Phipps,* a gasoline service station employee was fired allegedly because he refused to violate federal law by dispensing leaded gasoline into a customer's car at the customer's request. *Id.* at 570. The issue on appeal relevant here was whether an at-will employee would have a claim for wrongful discharge if he was terminated because he refused to violate the law. *Id.* at 571.

The discharged employee argued that his termination violated the public policy of the federal Clean Air Act. The supreme court agreed, saying:

> The Clean Air Act [reflects] a clearly mandated public policy * * * and we hold that an employee may bring an action for wrongful discharge if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state

or federal law or rule or regulation adopted pursuant to law.

*Id.*

The supreme court also noted that the federal law protects the "whistleblower," and that "other courts have held that their common law also protects those fired for their refusal to violate the law." *Id.* (citations omitted). After citing, without discussion, cases from other jurisdictions, our supreme court simply said, "We agree." *Id.*

It is unlikely that the supreme court intended the words "we agree" to signify a recognition that a cause of action for wrongful discharge already existed as a part of our common law. Between the oral arguments and the decision in *Phipps,* the legislature enacted the Whistleblower Act. The supreme court, thus, needed only to decide the issue as to appellant Phipps, and it said:

> Therefore, we no longer have before us the policy question of whether or not Minnesota should join the three-fifths of the states that now recognize, to some extent, a cause of action for wrongful discharge.

*Id.*

If a claim for wrongful discharge already existed as part of Minnesota's common law, there would have been no reason for the supreme court to suggest that the state might join other jurisdictions that recognized such a cause of action. Furthermore, neither the *Phipps* court, the *Williams* court, nor the appellants pointed to any authority suggesting that an action for wrongful discharge existed in our common law when the state constitution was adopted.

## II.

■ Relying on the supreme court decision in *Williams,* 551 N.W.2d 483, the district court ruled that MOSHA provided the exclusive remedy for any alleged reprisal and the court dismissed the whistleblower claim.

In *Williams*, the plaintiff joined reprisal and retaliation claims under the Whistleblower Act and the Minnesota Human Rights Act. *Id.* at 484. The supreme court held that the exclusivity provision of the human rights act controlled and prohibited a concurrent whistleblower action on the same facts. *Id.* at 485–86; *see also* Minn. Stat. § 363.11 (1996) ("as to acts declared unfair by section 363.03, the procedure herein provided shall, while pending, be exclusive"). In dictum, the supreme court also said that the legislature could not have intended to allow concurrent actions alleging identical facts and seeking the same remedy. *Id.* at 485.

Ordinarily, unless a statute provides that its remedy is exclusive, it is not so. *See State, by Humphrey v. Baillon Co.*, 503 N.W.2d 799, 802 (Minn.App.1993). Neither MOSHA nor the Whistleblower Act contains an exclusivity clause. Thus, unlike *Williams*, there is no prohibition here against a party maintaining concurrent causes of action. However, there cannot be a duplicative recovery. *Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374, 379 (Minn.1990). The district court erred in dismissing appellants' whistleblower action, and that matter must be remanded for further appropriate proceedings.

### III.

Respondent argues that even if we find that the district court erred in dismissing the whistleblower action, we can nevertheless affirm on alternative grounds, namely, (1) that there was no element of public concern in appellants' complaint about the air quality, and (2) appellants failed to identify a statute that the county allegedly violated. This court "may affirm a summary judgment if there are no genuine issues of material fact" and the district court's decision "is correct on other grounds." *Northway v. Whiting*, 436 N.W.2d 796, 798 (Minn.App.1989).

The Whistleblower Act provides a cause of action for an employee who makes a good-faith allegation of a violation or suspected violation of law and who is disciplined or discharged because of the allegation. Minn.Stat. § 181.932, subd. 1(a) (2000). The employee need not prove an actual violation of the law, but the reported conduct must at least implicate a violation of the law. *Obst v. Microtron, Inc.*, 614 N.W.2d 196, 200 (Minn.2000). Furthermore, the act covers the employee who "blows the whistle" to protect not only himself but the general public or third persons as well. *Williams*, 551 N.W.2d at 484 n. 1.

Minn.Stat. § 182.653, subd. 2 (2000), requires an employer to furnish a place of employment "free from recognized hazards that are causing or are likely to cause death or serious injury or harm to its employees." Appellants reported poor air quality that allegedly caused illness in employees in the print shop. Whether or not appellants made their reports in good faith is a question reserved for the trier of fact. But appellants' conduct prima facie was protectable under the Whistleblower Act. We therefore reject respondent's alternative arguments for affirmance.[1]

### IV.

Appellants argue that the district court erred in refusing to amend its order for partial summary judgment to

1. Respondent asserted in its brief that even if the trial court erred in dismissing appellants' whistleblower claim, appellants are now collaterally estopped from litigating this claim, because the elements necessary to establish a whistleblower violation were litigated and finally determined at the bench trial on the MOSHA claims. We recognize that there may be a collateral estoppel issue here. However, because the issue was not fully briefed or argued by either party, we decline to reach it. *Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn.1997) (declining to reach issue in absence of adequate briefing); *Ganguli v. University of Minnesota*, 512 N.W.2d 918, 919 n. 1 (Minn.App.1994) (declining to address allegations unsupported by legal analysis or citation). Rather, we leave open the issue for the district court's determination.

allow for an interlocutory appeal. This court will "hear only live controversies and will not pass on the merits of a particular question merely for the purpose of setting precedent." *In re Inspection of Minn. Auto Specialties, Inc.*, 346 N.W.2d 657, 658 (Minn.1984). If the court "is unable to grant effectual relief," the issue will be deemed moot. *In re Schmidt*, 443 N.W.2d 824, 826 (Minn.1989). We have heard and determined the full appeal. Even if we were to find that the district court erred in refusing to amend its order, there is no remedy available at this point. Thus, we decline to rule on the merits of this issue.

## V.

Appellants challenge the district court's factual findings from the bench trial on the MOSHA claim. On appeal, a trial court's findings of fact are given great deference, and shall not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. "It is not the province of this court to reconcile conflicting evidence." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999). Findings of fact are clearly erroneous only if the reviewing court is "left with the definite and firm conviction that a mistake has been made." *Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn.1987) (citation omitted). If there is reasonable evidence to support the trial court's findings of fact, a reviewing court will not disturb those findings. *State v. Danh*, 516 N.W.2d 539, 544 (Minn.1994).

The district court's factual findings are not clearly erroneous. The factual findings were largely based on the court's assessment of the credibility of the witnesses. *See State v. Dickerson*, 481 N.W.2d 840, 843 (Minn.1992) (appellate court shows great deference to a factfinder's determinations of credibility), *aff'd .*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *General v. General*, 409 N.W.2d 511, 513 (Minn.App.1987) (this court defers to district court's assessment of credibility and weight given to testimo-

ny). The evidence the court found credible reasonably supports the court's findings.

## VI.

Appellants challenge the district court's order that appellants pay for respondent's costs from obtaining a trial transcript.

> In every action in a district court, the prevailing party * * * shall be allowed * * * reasonable disbursements paid or incurred.

Minn.Stat. § 549.04 (2000).

When reviewing a prevailing party's request for costs and disbursements, "the district court must make sufficient findings of reasonable and necessary costs and disbursements." *Beniek v. Textron, Inc.*, 479 N.W.2d 719, 724 (Minn.App. 1992), *review denied* (Minn. Feb. 19, 27, 1992). This court may overturn a district court's award for costs and disbursements when the award is an abuse of discretion. *Striebel v. Minnesota State High Sch. League*, 321 N.W.2d 400, 403 (Minn.1982). The district court's discretion is addressed with respect to the reasonableness of the disbursements paid or incurred. *Jonsson v. Ames Constr., Inc.*, 409 N.W.2d 560, 563 (Minn.App.1987), *review denied* (Minn. Sept. 30, 1987).

Here, the district court made specific findings that the transcript fees were part of the litigation costs, because the court required the parties to prepare findings of fact and conclusions of law. The court did not abuse its discretion in finding that the transcript fees were reasonable and, therefore, taxable costs.

### DECISION

Appellants are not entitled to a jury trial for either their claim under the Whistleblower Act or their claim under MOSHA.

The district court erroneously dismissed appellants' claim for whistleblower retaliation on the basis that a party cannot as-

sert, for the same conduct, whistleblower retaliation in addition to MOSHA reprisal. The district court's dismissal cannot be affirmed on alternative grounds.

We decline to determine whether the district court erred in denying appellants' request for an amended order permitting appeal prior to trial, as the issue is moot.

The district court's factual findings are not clearly erroneous.

The district court did not err in awarding respondent the cost of the trial transcript for use in closing submissions.

**Affirmed in part, reversed in part, and remanded.**