**David BLACKOWIAK, Respondent,**

v.

**Roger MIELKE, Appellant.**

No. A04–1159.

Court of Appeals of Minnesota.

March 8, 2005.

Robert A. Nicklaus, Nicklaus, Braaten & Hollenhorst, P.L.L.C., Chaska, MN, for respondent.

William G. Peterson, Peterson Law Office, P.A., Bloomington, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and ROBERT H. SCHUMACHER, Judge.

## O P I N I O N

MINGE, Judge.

Appellant challenges a judgment evicting him from his home, claiming that because respondent's chain of title is based on a deed from a husband and wife to the wife individually, respondent was not the owner of the property. We affirm.

## FACTS

In 2001, Ortwin Mielke and his wife, Lorraine Mielke, joined in a quitclaim deed purporting to convey fee simple title for property in Carver County to Lorraine. At the time it was not their homestead. Roger Mielke, the appellant in this proceeding, resided on the property pursuant to an informal, month-to-month lease arrangement. Appellant is the son of Ortwin and the stepson of Lorraine. After the death of Ortwin, Lorraine sold the property on a contract for deed to David Blackowiak, the respondent in this proceeding.

Shortly after his purchase on the contract for deed, respondent notified appellant that his lease would terminate on March 31, 2004. Appellant was given until April 30, 2004, to remove his personal property. On May 7, 2004, when appellant had not vacated the property, respondent brought an unlawful detainer action against appellant. Appellant objected to the proceeding on the ground that Ortwin and Lorraine's deed to Lorraine was ineffective and therefore she did not convey any ownership rights to respondent by the contract for deed. The district court rejected this claim, granted the writ of recovery for the property, and ordered appellant to vacate the premises. This appeal followed.

## ISSUE

May a husband and wife directly convey real property to the wife individually?

## ANALYSIS

The issue in this case is whether a deed from Ortwin and Lorraine Mielke, a married couple, to Lorraine Mielke is valid to transfer Ortwin's ownership interest to Lorraine. If the conveyance to her was invalid, her contract for deed with respondent does not convey an ownership inter-

est to respondent and respondent may not bring an unlawful detainer action against appellant.

■ An appellate court in an unlawful detainer case reviews the findings of fact under a clearly erroneous standard. *Minneapolis Cmty. Dev. Agency v. Smallwood*, 379 N.W.2d 554, 555 (Minn.App.1985), *review denied* (Minn. Feb. 19, 1986). An appellate court reviews whether a district court has properly construed a statute as a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). If the language in a statute is clear, courts will rely on the plain meaning. Minn.Stat. § 645.16 (2002); *Correll v. Distinctive Dental Servs.*, 607 N.W.2d 440, 445 (Minn.2000). If the language is ambiguous, courts apply the rules of statutory construction. Minn.Stat. § 645.16; *Correll*, 607 N.W.2d at 445. Language is ambiguous if it is reasonably subject to more than one interpretation. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996).

Minn.Stat. § 519.06 (2004) states that "[n]o contract between husband and wife relative to the real estate of either, or any interest therein, shall be valid, except as provided in section 500.19, subdivision[ ] 4." The cross-referenced section provides as follows:

> Subd. 4. Conveying interest directly. (a) Subject to section 507.02 specifying when both spouses must join in a conveyance of their homestead, one or more owners of an interest in real estate may convey all or part of the interest directly to one or more other persons or to one or more of themselves, or to any combination of one or more of themselves and other persons.
>
> (b) Subject to section 507.02 specifying when both spouses must join in a conveyance of their homestead, conveyances between spouses are allowed under paragraph (a) to the same extent as those between unmarried persons.

Minn.Stat. § 500.19, subd. 4 (2004). The other cross-referenced section provides as follows:

> 507.02 Conveyances by spouses; power of attorney.
>
> If the owner is married, no conveyance of the homestead, except ... a conveyance between spouses pursuant to section 500.19, subdivision 4, ... shall be valid without the signatures of both spouses....
>
> A husband and wife, by their joint deed, may convey the real estate of either. A spouse, by separate deed, may convey any real estate owned by that spouse, except the homestead, subject to the rights of the other spouse therein; and either spouse may, by separate conveyance, relinquish all rights in the real estate so conveyed by the other spouse.

Minn.Stat. § 507.02 (2004).[1]

■ The word "convey" means "[t]o transfer or deliver (something, such as a right or property) to another, esp. by deed or other writing." *Blacks Law Dictionary* 357 (8th ed. 2004). A "conveyance" is "[t]he voluntary transfer of a right or of property." *Id.* The plain meaning of sections 500.19, 507.02, and 519.06 together is that if one or both spouses own an interest in property, the one(s) with the record ownership interest may transfer that interest directly to the other spouse.[2]

---

1. We note that although the version of this statute in effect at the time of the unlawful detainer action was amended, the change was inconsequential and does not affect the substance of this opinion. *See* Minn. Laws 2004, ch. 234, § 1.

2. We note that the Minnesota Standards for Title Examination states that "[c]onveyances

Minnesota long observed the common law prohibition codified in Minn.Stat. § 519.06 against direct transfer of real estate between husband and wife. This prohibition reflected a historic fear that one spouse might dominate the other and that direct conveyances would be plagued by duress. For decades, real estate practitioners used "straw man" or conduit deeds to deal with this prohibition. After limited changes, the statutory prohibition was finally lifted in 1994. *See* Minn. Laws 1994, ch. 388, art. 1, § 3. Although the general language of Minn.Stat. § 519.06 limiting the validity of real estate contracts between husband and wife lingers, the current statutory scheme clearly allows spouses to convey real estate to one another.

█ In this case both Ortwin and Lorraine Mielke joined in the conveyance to Lorraine Mielke and it was valid.[3] Because the conveyance to Lorraine Mielke was valid and effective to transfer title to her, her contract for deed with respondent transferred a valid right of possession to respondent, and respondent can maintain an unlawful detainer action against appellant.

## D E C I S I O N

Minn.Stat. §§ 500.19, subd. 4 and 507.02 allow married spouses to transfer an interest in real estate to one of the spouses individually. Therefore, the transfer to respondent was valid, and the respondent, as legal owner of the property, can maintain an unlawful detainer action against appellant.

**Affirmed.**

---

between spouses are valid in all respects." Section of Real Property Law, Minnesota State Bar Association, *Minnesota Standards for Title Examinations*, I–B–2 (White Pages supp. Rev. June 11, 2004).

3. Although both Ortwin and Lorraine signed the deed, the statutes do not require that both join in a conveyance of property owned by one of them (even the homestead), if the conveyance is to the other. *See* Minn.Stat. §§ 500.19, subd. 4; 507.02; 519.06.